O

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   KIMBERLY D. BARBERA,            )   Case No. 2:20-cv-09161-SP
                                     )
12              Plaintiff,           )
                                     )   **MEMORANDUM OPINION AND**
13        v.                         )   **ORDER DISMISSING ACTION**
                                     )   **FOR FAILURE TO PROSECUTE**
14                                   )
     KILOLO KIJAKAZI,                )
15   Acting Commissioner of Social Security )
     Administration,                 )
16                                   )
                Defendant.           )
17                                   )
                                     )
18   _____)

19                                 **I.**

20                          **PROCEEDINGS**

21        On October 6, 2020, plaintiff filed a Complaint for Review of Final Decision

22   of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  On

23   October 14, 2020, the court issued its Case Management Order in this matter.  The

24   Case Management Order set forth, inter alia, a schedule for filing of the Answer

25   followed by plaintiff's Memorandum in Support of Plaintiff's Complaint.

26   Defendant filed the Answer on August 17, 2021.  Plaintiff's Memorandum in

27   Support of Plaintiff's Complaint was therefore due on September 21, 2021.

28

                                     1

1    On September 20, 2021, counsel for plaintiff filed a motion to withdraw as

2    attorney of record, citing a breakdown of the attorney-client relationship.  The

3    court granted the motion and gave plaintiff until November 8, 2021 to retain

4    counsel if she wished and to file the Memorandum.

5    On January 24, 2022, having received neither the Memorandum nor any

6    communication from plaintiff, the court ordered plaintiff, who is now pro se, to

7    show cause in writing, not later than February 14, 2022, as to why this action

8    should not be dismissed for failure to prosecute.

9    To date, since plaintiff became pro se, the court has received no

10   communication from her.  Plaintiff has filed neither the Memorandum in Support

11   of Plaintiff's Complaint, which was due on November 8, 2021, nor a request for

12   extension of time to file the Memorandum.  She also has not filed a response to the

13   January 24, 2022 Order to Show Cause, which was due on February 14, 2022, nor

14   a request for extension of time to file a response.

15                                    **II.**

16                              **DISCUSSION**

17   It is well established that a district court may dismiss a plaintiff's action for

18   failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link*

19   *v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)

20   (a court's authority to dismiss for lack of prosecution is necessary to prevent undue

21   delays in the disposition of pending cases and to avoid congestion in the calendars

22   of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a

23   district court may dismiss an action for failure to comply with any order of the

24   court).  But dismissal is a severe penalty and should be imposed only after

25   consideration of the relevant factors in favor of and against this extreme remedy.

26   *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

27   In determining whether to dismiss a case for failure to prosecute, a court

28

1 must weigh five factors: "(1) the public's interest in expeditious resolution of

2 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

3 defendants; (4) the public policy favoring disposition of cases on their merits[;]

4 and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

5 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

6      In this case, both the first factor (the public's interest in expeditious

7 resolution of litigation) and the second factor (the court's need to manage its

8 docket) strongly favor dismissal.  After plaintiff's counsel withdrew on September

9 20, 2021, the court gave plaintiff an extension of time to November 8, 2021 to

10 submit the Memorandum in Support of Plaintiff's Complaint.  Plaintiff failed to

11 abide by the court's September 22, 2021 Order and did not file either the

12 Memorandum or a request for an extension of time to do so.  The court then gave

13 plaintiff an additional chance, issuing an Order to Show Cause on January 24, 2022

14 giving plaintiff until February 14, 2022 to file a request for more time to deliver

15 her Memorandum.  To date, plaintiff has neither filed her Memorandum, nor a

16 response to the Order to Show Cause, nor a request for more time to do either.  In

17 fact, since her counsel withdrew more than nine months ago on September 20,

18 2021, plaintiff has not communicated with the court.  Plaintiff's

19 noncommunication and noncompliance with the court's orders have "caused [this]

20 action to come to a complete halt, thereby allowing plaintiff[] to control the pace of

21 the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990

22 (9th Cir. 1999) (internal quotation marks and citation omitted).  Allowing plaintiff

23 to continue to do so would frustrate the public's interest in the expeditious

24 resolution of litigation, as well as the court's need to manage its own docket.  *See*

25 *id.*

26      A rebuttable presumption of prejudice to defendants arises when a plaintiff

27 unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d 1447,

28

1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.  Plaintiff has neither submitted the Memorandum, requested an extension of time to submit the Memorandum, nor responded to the court's January 24, 2022 Order to Show Cause.  *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay . . . .").  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with the court's orders issued on September 22, 2021, and January 24, 2022, plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to move this case toward a disposition at a reasonable pace.  Thus, even weighing the fourth factor, the balance still tilts in favor of dismissal.

Finally, the court attempted to avoid dismissal by: (1) cautioning plaintiff in its September 22, 2021 Order that any failure to timely file a Memorandum in Support of Plaintiff's Complaint or other failure to comply with the court's orders may be grounds for dismissal of this action for failure to prosecute; and (2) advising plaintiff in its January 24, 2022 Order to Show Cause that failure to respond to the Order, or failure to prosecute this action in accordance with the Case Management Order and other court orders, may result in dismissal of this action for failure to prosecute.  Plaintiff has neither complied with nor responded to either of the court's orders.  Nor has plaintiff otherwise communicated with the court.  The court notes that the instant action is being dismissed without prejudice, a significantly less drastic sanction than dismissal with prejudice.  Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this action is warranted for failure to prosecute.

## III.

## ORDER

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: September 22, 2022



SHERI PYM
United States Magistrate Judge

5